UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                     Criminal Case No. 19-20828

Michael Joseph Snyder,                   Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR BOND

Defendant Michael Joseph Snyder has moved to revoke Magistrate Judge Anthony Patti's Order of Detention Pending Trial. The parties appeared before this Court for a hearing on this motion on January 23, 2020. For the reasons below, the Court DENIES Defendant's motion.

## BACKGROUND

In this Criminal Case, Defendant Snyder is charged with one count of "False Personation of an Officer or Employee of the United States," in violation of 18 U.S.C. § 912 (first clause). He faces a sentence of up to three years imprisonment.

Pretrial Services concluded that Snyder poses a risk of nonappearance for the following reasons: 1) Mental Health History; 2) History of Failure to Appear; 3) Possession of a Passport; 4) International Travel; and 5) Unsuitable Living Situation. Pretrial Services further concluded that Snyder poses a risk of danger to the community based upon: 1) Prior Arrests; 2) Mental Health History; 3) Safety Concerns for the Community; 4) Violent Behavior History; and 5) Personal Protection Order. Pretrial Services recommended that Snyder be detained.

The docket reflects that Magistrate Judge Anthony Patti held a detention hearing on

December 5, 2019, after which he ordered Snyder detained pending trial. He found that the Government had proven: 1) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community; and 2) by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. His detention order further explained:

> The Court's findings and reasons for ordering detention, including its consideration of the factors listed in 42 U.S.C. § 3142(g), were stated on the record at the December 5, 2019 hearing and are fully incorporated by this reference as though restated herein. The Court finds: (a) by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Defendant's appearance; and (b) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the safety of the community. This evidence was discussed on the record in support of the Court's reasoning, and includes, but is not limited to evidence that: (1) Defendant has led a transient lifestyle, having contact with law enforcement in five different states, with residency in Michigan only since 2016; (2) Defendant has a past conviction for aggravated robbery; (3) Defendant suffers from serious mental health conditions, which do not appear to be well controlled; (4) Defendant has a history of domestic violence and is currently under a PPO obtained by his wife/significant other; (5) Defendant has a history of failing to appear in court when required; (6) Defendant has a history of falsely claiming to be a law enforcement officer, sometimes stopping other vehicles on the road, once with a gun, and in the instant offense claimed to be a federal officer, using blue and red flashing lights; (7) Defendant has lied to law enforcement in this investigation and in jail calls has sought to hide evidence, including weapons; (8) Defendant has previously threatened people with guns, in one case placing a gun in the mouth of a woman; (9) when discharged from the Navy, medical personnel concluded that Defendant was unfit for combat and should not have access to weapons; (10) Defendant was found to have multiple weapons in his home, even in the kitchen, where young children reside; (11) there is no suitable third party custodian for Defendant; and, (12) Defendant is impulsive, shows no appreciation for boundaries and demonstrates a longstanding pattern of aberrant behavior that appears to be escalating.

(ECF No. 10).

The matter is currently before the Court on Snyder's "Motion to Set Bond." (ECF No. 19). Snyder's motion acknowledges that Snyder's girlfriend, with whom he lived at the time of

his detention hearing and had offered to serve as his third-party custodian, obtained a personal protection order against Snyder in Washtenew County. His motion claims that she has since filed a motion to rescind that PPO and states that Snyder's mother is willing to serve as third-party custodian and have him live with her at her home in Ann Arbor, Michigan.

Snyder's motion notes that he has received mental health treatment for both Post-Traumatic Stress Disorder and Bi-Polar Disorder. As to that, his motion states that "[h]e has been treated for these conditions as recently as January of 2019 through August of 2018. Mr. Snyder denies any acute mental health state or condition and he is willing to seek and participate in any mental health testing, evaluation or treatment as a condition of his pretrial release." (*Id.* at 4). Snyder asks the Court to reconsider his status and release him on an unsecured bond.

The Government opposes this motion, asserting that Snyder poses a danger to the community and is also a flight risk.

**ANALYSIS**

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985).

A defendant may be detained pending trial only if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To

3

determine whether no conditions exist that will reasonably assure Defendant's appearance, the Court must consider the following factors from § 3142(g): (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against Defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

Having considered these factors, this Court agrees with the magistrate judge that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant Snyder's appearance and assure the safety of the community. The offense charged in this case is serious. As recounted in the Government's brief, and the magistrate judge's detention order, Snyder's history and characteristics demonstrate that he is a continuing danger to the community. He has a history of violence and has some history of nonappearance. His release would pose a serious danger to the community.

## CONCLUSION & ORDER

For these reasons, the Court ORDERS that Defendant's Motion for Bond is DENIED.

IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: January 28, 2020